UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| RIVER TERRACE ESTATES, INC., ) | Case No. 14-11829-reg |
| ) | Chapter 11 |
|     Debtor. ) | |

### MOTION TO DETERMINE BID OF DANBURY ROAD HOLDINGS IV, LLC AS A CONFORMING BID IN CONNECTION WITH SALE UNDER CONFIRMED PLAN OF REORGANIZATION

Creditor Danbury Road Holdings IV, LLC, ("**Danbury**") by and through its undersigned counsel and pursuant to sections 1142 and 105 of Title 11 of the United States Code, as amended (the "**Bankruptcy Code**") and Federal Rule of Bankruptcy Procedure 3020, and pursuant to section 5.3.5 of the First Amended Plan of Reorganization confirmed in the instant chapter 11 case by this *Motion to Determine Bid of Danbury Road Holdings IV, LLC as a Conforming Bid in Connection with Sale Under Confirmed Plan of Reorganization* (the "**Motion**"), requests that this United States Bankruptcy Court for the Northern District of Indiana Fort Wayne Division ("**Court**") enter an order determining Danbury's bid to be a conforming bid for all purposes related to the sale of River Terrace Estates, Inc.'s (the "**Debtor**") assets pursuant to the Debtor's First Amended Plan of Reorganization.

### I. JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of these cases and the instant Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. RELIEF REQUESTED AND THE BASIS THEREFORE

3.      For the reasons set forth in the *Brief in Support of Motion to Determine Bid of Danbury Road Holdings IV, LLC as a Conforming Bid in Connection with Sale Under Confirmed Plan of Reorganization*, together with the Exhibits attached, including the Declaration of Andrew J. Flame, filed contemporaneously herewith, Danbury asks the Court to determine Danbury's bid related to the Sale of the Debtor's assets pursuant to Debtor's First Amended Plan of Reorganization (the "**Plan**") recently confirmed by the Court a "conforming bid" under Article 5 of the Plan.  Danbury submitted on December 29, 2014 its bid for the Debtor's continuing care retirement community located in Bluffton, Indiana.  Danbury's bid conforms with the Plan's requirements of a conforming bid (the "**Bid Procedures**") and, as subsequently amended, offers a base cash price of $6.5 million, $500,000 in excess of the minimum required base cash price.  Upon information and belief, the Debtor also received one other bid (from a bidder whose identity has not been disclosed to Danbury) at the minimum base sale price of $6 million.  Pursuant to the Bid Procedures, the Debtor's receipt of two conforming bids requires that the Debtor hold an auction to obtain the highest and best offer for its assets and maximize the assets available for distribution to creditors.

4.      Incredibly, instead of scheduling an auction, the Debtor has determined to reject Danbury's bid and to proceed to a closing with the other undisclosed bidder at a lower sale price without any competitive bidding.  In the Debtor's words:  "your submission is not being considered a bid (or a conforming bid)…."  Although the Debtor has stated three purported bases for its decision not to consider Danbury's bid a conforming bid, the Debtor's only articulated reason that could arguably impact the issue of whether the bid conformed to the Bid Procedures is that Debtor received Danbury's Bid fifteen minutes after the time set forth in the Bid

Procedures for submission of bids. However, such a position by the Debtor, acting as a fiduciary for all stakeholders of the estate with an obligation to maximize value for the best interest of creditors, to reject an otherwise conforming bid because it was received only 15 minutes after the stated deadline and proceed to close with the sole other bidder for a purchase price at least $500,000 less than Danbury is willing to pay without any competitive bidding process to maximize the price, is both misguided and prejudicial to the recovery to creditors in the Bankruptcy Case.

5. The Debtor has a fiduciary obligation to maximize creditor recoveries. The Debtor proposed to fulfill this obligation under its confirmed Plan by the Sale after an auction if more than one qualified buyer made an offer for the Debtor's assets. Danbury has submitted a bid that includes a base purchase price of $6.5 million, and which terms substantially conform to the asset purchase agreement included in the Debtor's Plan Supplement. Despite its fiduciary duty to do so, the Debtor decided not to consider Danbury's bid, either as originally submitted or as later modified, and to not proceed with the auction contemplated by the Plan because Danbury's bid was received 15 minutes after the time set forth in the Bid Procedures. Instead of holding an auction as contemplated by the Bid Procedures, the Debtor has decided to accept and close on the only other bid it received, which, upon information and belief, offers the minimum bid permitted under the Bid Procedures—$500,000 less than Danbury's offered base cash purchase price.

6. As contemplated by the Bid Procedures and the Plan, the instant dispute as to whether Danbury's bid is a conforming bid shall be determined by this Court. The Court should find Danbury's bid to be a conforming bid under the Plan for all purposes related to the sale, thereby permitting the auction contemplated by the Plan to proceed in order to determine and best

offer for the Debtor's assets and to fulfill one of the central purposes of the Bankruptcy Code and the Debtor's principal fiduciary duty - to maximize recovery for creditors..

WHEREFORE, Danbury Road Holdings IV, LLC respectfully requests that this Court enter an Order substantially in the form submitted herewith determining Danbury's bid to be a conforming bid for all purposes related to the Sale of River Terrace Estates, Inc.'s assets under the confirmed First Amended Plan of Reorganization.

Dated: January 5, 2015          Respectfully submitted,

    /s/ Andrew T. Kight
Michael P. O'Neil (moneil@taftlaw.com)
Andrew T. Kight (akight@taftlaw.com)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023
Tel: (317) 713-3500
Fax: (317) 713-3699

*Attorneys for Danbury Road Holdings IV, LLC*

2303414