IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| In re<br>RIVER TERRACE ESTATES, INC.,<br>    Debtor,<br><br>DANBURY ROAD HOLDINGS IV, LLC,<br>    Movant. | CASE NO. 14-11829<br>CHAPTER 11<br>JUDGE ROBERT E. GRANT |

### DECLARATION OF ANDREW J. FLAME IN SUPPORT OF MOTION TO DETERMINE BID OF DANBURY ROAD HOLDINGS IV, LLC AS A CONFORMING BID IN CONNECTION WITH SALE UNDER CONFIRMED PLAN OF REORGANIZATION

I, Andrew J. Flame, hereby declare the following under penalty of perjury:

1. I am a partner in the law firm of Drinker Biddle & Reath LLP ("**DBR**").

2. I am authorized to submit this declaration (the "**Declaration**") in support of the *Motion to Determine Bid of Danbury Road Holdings IV, LLC as a Conforming Bid in Connection with Sale Under Confirmed Plan of Reorganization* (together with the Brief in support thereof (the "**Brief**") and Exhibits attached to the Brief, collectively, the "**Motion**"). If called upon to testify, I could and would testify competently to the facts set forth herein.

3. DBR has at all times relevant to the Motion represented Danbury in this matter.

4. Prior to the Bid Time[1], Danbury had communications with Debtor's representative regarding Danbury's intent to submit a bid ("**Danbury's Bid**") and terms anticipated to be included within Danbury's Bid, including a telephone call with Debtor's counsel at approximately 3:00 p.m. on the Bid Date during which, among other things, Danbury

---

[1] Any capitalized terms used herein but not defined herein have the meaning as set forth in the Motion.

ACTIVE/ 78331650.2

**Exhibit A**

stated that it would be submitting the Danbury Bid later that day and was working to revise the form of Danbury Bid to conform to discussions Danbury had with Debtor's counsel.

5.  At 5:15 p.m. on the Bid Date. I, as counsel to Danbury, delivered to Debtor's counsel by electronic mail (a) Danbury's executed Asset Purchase Agreement (b) Danbury's executed escrow agreement (also required by the Bid Procedures), and (c) the Schedules to the Asset Purchase Agreement (the executed Asset Purchase Agreement and Schedules, collectively, the "**Danbury Original APA**", and together with the executed escrow agreement, the comparison (the "**APA Redline**") of the Danbury Original APA to the Debtor's form of APA attached to its Plan Supplement filed in the Bankruptcy Case (the "**Form APA**"), and the acknowledgements and representations set forth in the cover electronic mail correspondence, the "**Bid Package**"). A true and correct copy of the email delivering Danbury's Bid Package to Debtor is attached to the Brief as "Exhibit B".

6.  At 5:30 p.m., Debtor's counsel confirmed his receipt of Danbury's Bid Package, stated that he would consult with the indenture trustee's counsel the next day and revert back to Danbury's counsel. Debtor's counsel's confirmation did not state or indicate that the Debtor considered the Bid Package to not be a "conforming bid" under the Bid Procedures on the basis that the Bid Package was received only minutes after the Bid Time or otherwise. A true and correct copy of Debtor's counsel's email confirming receipt of the Bid Package is attached to the Brief as "Exhibit C".

7.  Danbury's Bid Package conformed with the requirements of the Bid Procedures, including that (a) the Danbury Original APA offered the Minimum Bid for Debtor's assets, (b) the Bid Package included a comparison of the Danbury Original APA to Debtor's form of asset purchase agreement (as contemplated and required by the Plan and Bid Procedures), and an

executed escrow agreement for Danbury's deposit, and (c) was accompanied by a cash deposit of $600,000, ten percent (10%) of the Purchase Price set forth in the Danbury Original APA.

8.  Danbury subsequently realized there were some minor typographical and similar errors, and the next day I, as counsel to Danbury, delivered to the Debtor a corrected Asset Purchase Agreement that cleaned up some typographical and similar errors, and inserted the name of the escrow agent and Danbury's state of formation where blank in the Danbury Original APA. I, as counsel to Danbury, included with the transmittal comparisons to each of the Danbury Original APA and the Form APA. A true and correct copy of the email delivering to Debtor Danbury's corrected Asset Purchase Agreement and comparisons is attached to the Brief as "Exhibit D".

9.  Considering the information provided by the Debtor's counsel on December 30 regarding a form of asset purchase agreement purportedly received by Debtor from an undisclosed party, which form of asset purchase agreement was supposedly unchanged from the Form APA (the "**Competing Bid**") at, upon information and belief, the minimum base cash purchase price of $6 million, the very next day, on December 31, 2014, Danbury executed and I, as counsel to Danbury, delivered to Debtor a revised Asset Purchase Agreement (the "**Danbury Amended APA**") substantially identical to the Form APA, increasing its offered base cash purchase price from $6 million to $6.5 million, and Danbury increased its deposit by $50,000.

10. Together with the Danbury Amended APA, I, as counsel to Danbury, delivered a comparison of the Danbury Amended APA to the Form APA. A true and correct copy of the email delivering to Debtor Danbury's Amended APA and related comparison is attached to the Brief as "Exhibit E".

11. Later on December 31, 2014, Debtor informed Danbury by electronic mail that it did not consider the Danbury Bid Package or Danbury Amended APA a "bid (or conforming bid)" under the Bid Procedures. The Debtor asserted three bases in its email notice for purportedly not considering Danbury's offer a bid under the Bid Procedures: (i) the Bid Package and deposit were received fifteen minutes after the Bid Time; (ii) "the APA received has a number of additional conditions and terms which greatly increase the closing risk to RTE (and requests items that RTE cannot provide)", and (c) the Debtor believes "it has become apparent from diligence inquiries that your group is not yet comfortable enough with diligence to be firmly committed to a closing." (the "**12/31 Email**"). A true and correct copy of the 12/31 Email is attached to the Brief as "Exhibit F".

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of January 2015.

*Andrew J. Flame*
By: Andrew J. Flame