UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| RIVER TERRACE ESTATES, INC., | ) Case No. 14-11829-reg |
| | ) Chapter 11 |
| Debtor. | ) |

**EMERGENCY MOTION TO SCHEDULE EXPEDITED HEARING AND SHORTEN NOTICE ON MOTION TO DETERMINE BID OF DANBURY ROAD HOLDINGS IV, LLC AS A CONFORMING BID IN CONNECTION WITH SALE UNDER <u>CONFIRMED PLAN OF REORGANIZATION</u>**

Danbury Road Holdings IV, LLC, ("**<u>Danbury</u>**") by counsel and pursuant to Debtor's confirmed First Amended Plan of Reorganization, 11 U.S.C. §§ 1142 and 105, Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure, and N.D. Ind. L.B.R. B-9013-1 and 9014-1, requests entry of an order (a) scheduling an emergency hearing on Danbury's *Motion to Determine Bid of Danbury Road Holdings IV, LLC as a Conforming Bid in Connection with Sale Under Confirmed Plan of Reorganization* (the "**<u>Motion</u>**"), and (b) shortening notice on the Motion and requiring that objections be filed prior to or at the hearing thereon. In support, Danbury states as follows:

## <u>I. General Background</u>

1. Simultaneously with the instant request, Danbury filed its Motion seeking an order determining Danbury's bid related to the sale of the assets of River Terrace Estates, Inc. (the "**<u>Debtor</u>**") to be a conforming bid pursuant to the Debtor's First Amended Plan of Reorganization (the "**<u>Plan</u>**").

2. Pursuant to the bid procedures set forth in the Debtor's Plan, conforming bids were to be submitted by December 29, 2014 (the "**<u>Bid Date</u>**") at 5:00 p.m. Eastern Time. As set forth in the Motion, Danbury worked continuously throughout the Bid Date to finalize its bid. In

fact, Danbury had multiple communications with the Debtor and its counsel on the Bid Date regarding Danbury's intent to submit a bid and certain anticipated bid terms. During a telephone call at approximately 3:00 p.m. on the Bid Date, Danbury's counsel advised Debtor's counsel that Danbury would indeed submit a bid later that day and was working to revise its form of bid to conform to ongoing discussions with the Debtor and its counsel. Danbury worked diligently to organize and prepare its bid package for delivery to the Debtor. The Debtor received Danbury's bid at 5:15 p.m. Eastern Time on the Bid Date.

3. It was not until the day after the Bid Date, December 30, 2014, that the Debtor's counsel informally advised Danbury's counsel that Danbury's bid purportedly did not conform to the Plan. To address the concerns raised by Debtor's counsel, Danbury revised its Asset Purchase Agreement to be substantially identical to the Debtor's form of asset purchase agreement and to increase its base cash purchase price by $500,000 to $6.5 million. Danbury delivered to Debtor its amended Asset Purchase Agreement and an additional $50,000 deposit on December 31, 2014. Later that same day, the Debtor's counsel formally advised Danbury's counsel that Danbury's bid purportedly was nonconforming and would not be considered.

4. Danbury believes its bid satisfied each and every requirement of a conforming bid under the Plan, including that (a) the asset purchase agreement submitted by Danbury offered the required minimum bid amount for Debtor's assets, (b) Danbury's bid package included a comparison of Danbury's Asset Purchase Agreement to the Debtor's form of asset purchase agreement and an executed escrow agreement for Danbury's deposit, and (c) Danbury's bid was accompanied by a cash deposit of $600,000 (later increased to $650,000), or 10% of Danbury's proposed purchase price. Danbury's bid was received by Debtor mere minutes after 5:00 p.m. on the Bid Date.

5.      Upon information and belief, the Debtor received only one other bid. The identity of the other bidder has not been disclosed, but, upon information and belief, the proposed purchase price of the competing bid is $500,000 *less* than Danbury offered.

6.      Pursuant to the Plan, the receipt of two conforming bids requires the Debtor to conduct an auction in an effort to obtain the highest and best offer for its assets.

7.      Because of the 15 minute delay experienced in Debtor's receipt of Danbury's bid, however, the Debtor has declared that Danbury's bid is not a conforming bid under the Plan and has refused to consider that bid or proceed with an auction. Because Debtor asserts it received only one conforming bid, the Debtor has asserted that, under the Plan, it is authorized to proceed immediately to closing with the other bidder.  For the reasons set forth in the Motion, Danbury believes such a result is not warranted under the circumstances of this case or the law, and that to permit the Debtor to do so would not be in the best interest of the Debtor's estate or its creditors.

8.      The Plan and bid procedures set forth therein permit the Debtor to close on a Sale at any time if there is only one conforming bid.  Plan at Section 5.3 ("In the event the Debtor receives only one conforming bid, the Debtor will proceed with the consummation of a Plan Sale of the Community to the prospective buyer prior to the Sale Period Expiration Date.").

## II. Basis for Relief Requested

9.      L.B.R. B-2002-2(a) sets forth a list of motions upon which the Court may act without a hearing, and the notice requirements for those motions, including the deadline to object. The Motion, and Danbury's request to have its bid determined to be conforming, is not one that appears to come within the scope of L.B.R. B-2002-2, nor is it addressed by Rule 2002 of the Federal Rules of Bankruptcy Procedure. Accordingly, Danbury believes the procedures applicable to the Motion are found generally in Rule 9013 of the Federal Rules of Bankruptcy

Procedure, and more specifically in the Local Rules of this Court, L.B.R. B-9013-1, L.B.R. B-9013-2, and L.B.R. B-9014-1.

10. Under these Local Rules, objections to a motion filed under L.B.R. B-9013-1 must be filed no later than 7 days prior to the hearing on the motion. If such hearing is scheduled upon less than 14 days' notice, objections may be filed prior to or at the hearing. In this case, and as requested herein, Danbury is seeking an emergency hearing on the Motion at the Court's earliest convenience. If that request is granted, Danbury requests that the Court set the deadline for objections to be served prior to or at the hearing.

11. "Whether an 'emergency' exists is determined not by the immediacy of any particular party's need but, rather, by the suddenness with which that need arose." *In re Ft. Wayne, Assocs., L.P.*, Case No. 97-10378, 1998 Bankr. LEXIS 1695, at *2 (Bankr. N.D. Ind. Dec. 16, 1996). The basis for Danbury's request to shorten notice and conduct an emergency hearing is the possibility that the Debtor can proceed to closing on the only bid it determined to be conforming under the Plan before this Court is able to consider the Motion. If that would happen, Danbury's Motion may be mooted and the Debtor's estate and its creditors could experience significant and irreparable harm. For that reason, Danbury believes its request presents a true emergency.

12. Additionally, this request is not due to any inattention or indecisiveness on the part of Danbury, but rather as the result of "the product of something that could not properly be prepared for . . . ." *Id*. at *4. As stated herein and set forth more fully in the Motion, (a) Danbury submitted its original Asset Purchase Agreement and bid package on the Bid Date, December 29, 2014, (b) Danbury submitted its amended Asset Purchase Agreement on December 31, 2014, (c) Debtor formally notified Danbury on December 31, 2014, that Debtor did not consider Danbury's

4

original or amended Asset Purchase Agreement a conforming bid under the Plan, (d) Debtor has indicated that it intends to proceed to closing with a competing bidder at a materially lower sale price and without an auction or further notice to creditors or proceedings before the Court, and (e) Debtor's Plan has certain milestones and deadlines related to the sale of Debtor's assets and consummation of the Plan.  Absent an emergency hearing, upon information and belief, the Debtor may close with the competing bidder on the sale of its assets in an attempt to moot Danbury's Motion and, further, milestone dates and deadlines set forth in the Plan may pass before the Motion can be heard and determined by the Court, all to the detriment of and prejudice to the bankruptcy estate and its creditors.  Danbury believes that this satisfies the circumstances under which this Court may consider and grant expedited and emergency relief.

13. The Debtor is aware of Danbury's intent to have its bid determined to be conforming, and will have ample opportunity to consider the Motion and formulate a response prior to a hearing.

14. For the foregoing reasons, Danbury requests that the Court schedule an emergency hearing on the Motion, and shorten the notice period thereon so that objections may be filed prior to or at the hearing.

WHEREFORE, Danbury requests that the Court (a) schedule an emergency hearing on the Motion at the Court's earliest convenience, (b) shorten notice on the Motion and require that objections be filed prior to or at the hearing, and (c) grant all other proper relief.

Dated: January 5, 2015

Respectfully submitted,

/s/ Andrew T. Kight
Michael P. O'Neil (moneil@taftlaw.com)
Andrew T. Kight (akight@taftlaw.com)
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023
Tel: (317) 713-3500
Fax: (317) 713-3699

*Attorneys for Danbury Road Holdings IV, LLC*

2302893v2